1  STEPHEN M. HAYES (SBN 83583)
   STEPHEN P. ELLINGSON (SBN 136505)
2  **HAYES, DAVIS, ELLINGSON, McLAY & SCOTT LLP**
   120 Constitution Drive
3  Menlo Park, California 94025
   Telephone: 650.324.5170
4  Facsimile: 650.324.5171

5  Attorney for Defendant
   STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

FILED
JUL 26 2004
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADR  E-FILING

| | |
|---|---|
| SUSAN MEZZETTI,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; and DOES 1 through 30, inclusive,<br><br>Defendants. | CASE NO. C04-03022 HRL<br><br>**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332 AND 1441(a) [DIVERSITY JURISDICTION]; DEMAND FOR JURY TRIAL** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter "STATE FARM") hereby removes to this Court the state action described below:

1.   STATE FARM is a defendant in the civil action commenced on June 16, 2004 in the Superior Court of the State of California, County of Santa Clara, Case No. 104CV021627, entitled <u>Mezzetti v. State Farm Mutual Automobile Insurance Company</u>.

2.   STATE FARM was served with a copy of the complaint on or about June 29, 2004. A true and correct copy of the Complaint is attached hereto as Exhibit "1" and is

incorporated as part of this notice.

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one that may be removed to this Court by STATE FARM pursuant to the provisions of 28 U.S.C. section 1441, subdivision (a), in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs, and is between citizens of different states.

4. The fact that the amount in controversy exceeds the minimum requirement for diversity jurisdiction can be determined by the nature and extent of damages alleged in the complaint. Plaintiff alleges she sustained injuries in a motor vehicle accident that resulted in a default judgment against the owner and purported operator of the other vehicle involved in the accident, Nancy Clewett, in the amount of $624,813.75. (Complaint, ¶8.) Plaintiff was insured by State Farm under a policy with uninsured motorist ("UM") policy limits of $100,000. (Complaint, ¶5.) Plaintiff received UM benefits for her accident-related injuries from STATE FARM in the amount of $100,000. (Complaint, ¶8.) Clewett was also allegedly insured by STATE FARM. (Complaint, ¶¶9, 22 and 23.) Plaintiff seeks damages against STATE FARM in excess of $200,000 for purported failure to adequately investigate and process the claim. (Complaint, ¶12.) Plaintiff also alleges there is a dispute as to whether STATE FARM is entitled to reimbursement of the $100,000 UM policy limits pursuant to the terms of plaintiff's policy. (Complaint, ¶8.) Plaintiff claims general damages of $500,000 for mental suffering and emotional distress. (Prayer for Relief, No. 2, p. 9:22 – 24.) Plaintiff also alleges entitlement to punitive damages and attorney's fees. (Prayer for Relief, Nos. 3 and 4, p. 9:25 – 27.)

5. At the time of the commencement of this action, and at all times since, STATE FARM has been, and still is, a corporation of the State of Illinois, being incorporated under the laws of Illinois, and has had and continues to have its principal place of business in Illinois. Plaintiff SUSAN MEZZETTI has been and continues to be a citizen of the State of California, having been a resident of the State of California.

(Complaint, ¶1.)

6. This action was brought in the State of California. This corporate defendant is not, at the time of the institution of this action, and is not now, a corporation incorporated under the laws of the State of California, and does not have at the time of the institution of this action, and does not have now, its principal place of business in California.

## DEMAND FOR JURY TRIAL

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY hereby demands a trial by jury.

Dated: July 26, 2004

HAYES, DAVIS, ELLINGSON, McLAY & SCOTT

By _____
STEPHEN M. HAYES
STEPHEN P. ELLINGSON
Attorney for Defendant
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

8209                                           -3-

STATE FARM MUTUAL AUTO. INS. CO.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C.
SECTIONS 1332 AND 1441a [DIVERSITY JURISDICTION]; DEMAND FOR JURY TRIAL

1 ROBERT L. MEZZETTI II, 114282
MEZZETTI LAW FIRM, INC.
2 31 East Julian Street
San Jose, California 95112
3 (408) 279-8400

4 HOWARD G. FRANK, 190021
LAW OFFICES OF HOWARD G. FRANK
5 45 E. Julian St.
San Jose, CA 95112
6 (408) 292-0233
7 Fax: (408)287-6550

8 Attorneys for Plaintiff,
SUSAN MEZZETTI

(ENDORSED)
FILED
JUN 16 04
KIRI TORRE
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
J. Paura

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

| | |
|---|---|
| SUSAN MEZZETTI, <br><br> Plaintiff, <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and DOES 1 through 30, inclusive, <br><br> Defendants. | NO. **104CV021627** <br><br> COMPLAINT FOR TORTIOUS BREACH OF INSURANCE CONTRACT; BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING; COLLECTION/ SATISFACTION OF JUDGMENT UNDER INSURANCE CODE §11580; DECLARATORY RELIEF; FRAUD-FALSE REPRESENTATION; CONSTRUCTIVE FRAUD-CIVIL CODE §1573; AND NEGLIGENT MISREPRESENTATION |

1. Plaintiff SUSAN MEZZETTI is, and at all relevant times was, a resident of Santa Clara County California.

2. Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY is, and all times herein mentioned was, a corporation organized and existing under the laws of the State of Illinois and authorized by the California Insurance Commissioner to transact and transacting business in the State of California and, specifically, in the County of Santa Clara, as a casualty insurer.

Complaint 1

3. Plaintiff is unaware of the true identity, nature and capacity of each of the defendants designated herein as a DOE. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as a DOE is in some manner responsible for the damages and injuries as are alleged in this complaint. Upon learning the true identity, nature and capacity of the DOE defendants, plaintiff will amend this complaint to allege their true names and identities.

4. Plaintiff is informed and believes and thereon alleges that at all material times herein alleged that the defendants, and each of them, were the agents, servants, and employees of the other defendants, and each of them.

5. On or before February 11, 1995, in consideration of the payment of an annual premium $324.49, made by plaintiff Susan Mezzetti, defendant, by its duly authorized agents, executed and delivered to plaintiff in San Jose, California, an automobile policy of insurance, bearing number 795 3624-B11-05J, hereafter referred to as "the policy", in and by which defendant undertook to and did insure plaintiff for, *inter alia*, Uninsured and Underinsured Motor Vehicle Coverage (Section III) related to the operation of her 1990 Volvo 240. The policy covered incidents which occurred between February 11, 1995, and August 11, 1995, inclusive.

6. On or about May 5, 1995, plaintiff suffered a serious auto accident in which said accident was caused by a vehicle owned by Nancy Clewett, and also insured by defendant.

7. On or about June 30, 1995, defendant informed plaintiff's counsel, by letter of that date, that "Based on our investigation, there was no State Farm Policy in force on the vehicle involved on the above date of loss."

8. Plaintiff and her counsel relied upon this information in seeking the alternative remedy: a claim under the Uninsured Motorist Coverage of the policy. Thus, in February of 1996, plaintiff agreed to a policy limit settlement of $100,000 cash under the Uninsured Motorist

Complaint                                2

Coverage. Plaintiff's claim was in fact at least $624,813.75, which was eventually obtained by way of a judgment against the Clewett. Said judgment was entered on October 15, 1999. At the time this judgment was entered, plaintiff was unaware there was a contract of insurance between Nancy Clewett and defendant due to defendant's representations that none existed.

9. On August 28, 2002, plaintiff and plaintiff's counsel discovered that in reality, Nancy Clewett did in fact have a valid policy in effect on May 5, 1995, said policy covering a vehicle involved in the subject accident. Plaintiff also discovered that defendant had either constructive or actual notice of Nancy Clewett's coverage relating to the accident, and willfully informed her otherwise in the above referenced letter of June 30, 1995.

## FIRST CAUSE OF ACTION
(Tortious Breach of Insurance Contract)

10. Plaintiff realleges and incorporates by reference paragraph numbers 1 through 9, inclusive.

11. By the provisions of the policy, as well as the legal obligations imposed on any insurance contract in this state, defendant represented in legal effect to plaintiff that if plaintiff complied with all the terms and conditions of the policy, defendant would act in good faith in delivering the benefits of the policy. Defendant also had a duty to reasonably investigate plaintiff's claims, including the existence and nature of any liability policy in effect at the time of the accident. Plaintiff duly complied with all the terms and conditions of the policy on her part to be performed, yet defendant knowingly and falsely conveyed to plaintiff that Clewett did not have an insurance policy that would cover the accident in order to reduce the overall exposure to defendant in defending the actions and indemnifying any settlement or judgment.

12. As a proximate result of defendant's failure and refusal to properly investigate and otherwise process the claim, plaintiff has been damaged in the amount of $200,000, plus interest.

Complaint                                        3

13. As a further proximate result of defendant's failure and refusal to pay the claim as herein alleged, Plaintiff has been damaged in the amount of $7,500.00 to date, in attorney's fees in order to prosecute this suit.

14. Defendants acted maliciously, fraudulently, and with oppression by knowingly depriving plaintiff of her rights and benefits under the contract, and by intentionally misrepresenting the nature and legal effect or the existence of defendant's policy issued to Clewett so as to dissuade plaintiff from pursuing her rights therein. Said conduct was calculated to vex, harass, and annoy Plaintiff, and escape defendant's obligations under the policy. Accordingly, Plaintiff is entitled to punitive and exemplary damages against Defendants, and each of them, in a sum to be determined at the trial of this action.

## SECOND CAUSE OF ACTION
(Breach of the Covenant of Good Faith and Fair Dealing)

15. Plaintiff realleges and incorporates by reference paragraph numbers 1 through 14, inclusive.

16. In every contract, each party owes a duty of good faith and fair dealing to the other party. Defendants breached the implied covenant of good faith and fair dealing arising out of the policy in the following respects:

[a] Defendants unreasonably and without proper cause failed and refused to conduct a proper investigation as the existence of a policy of insurance covering Clewett for the above reference accident; and,

[b] Defendants affirmatively represented that Clewett had no policy that would cover the accident. Defendants knew, or should have known that this was untrue.

17. Defendant conduct in falsely denying a Clewett policy existed for the accident, and then allowing plaintiff to proceed under a Uninsured Motorist claim was done without reasonable cause. As a direct and proximate result of the unreasonable conduct of defendants, plaintiff has

Complaint 4

been required to retain attorneys to obtain benefits due under the policy.

18. As a direct result of the tortious conduct of the defendants, plaintiff was damaged and injured, and is therefore entitled to recover:

[a] Reasonable attorney's fees incurred in obtaining policy benefits in an amount to be proved at time of trial;

[b] General damages as compensation for her emotional distress in an amount that is to be proved as time of trial; and,

[c] Special damages in an amount to be proven at trial.

19. Defendants acted maliciously, fraudulently, and with oppression by knowingly depriving plaintiff of her rights and benefits under the contract, and by intentionally misrepresenting the nature and legal effect or the existence of defendant's policy issued to Clewett so as to dissuade plaintiff from pursuing her rights therein. Said conduct was calculated to vex, harass, and annoy Plaintiff, and escape defendant's obligations under the policy. Accordingly, Plaintiff is entitled to punitive and exemplary damages against Defendants, and each of them, in a sum to be determined at the trial of this action.

### THIRD CAUSE OF ACTION
(Collection/Satisfaction of Judgment Under Insurance Code § 11580.)

20. Plaintiff realleges and incorporates by reference paragraph numbers 1 through 19, inclusive.

21. On October 15, 1999, plaintiff obtained a judgment against defendant's insured, Nancy Clewett, in the amount of $624,813.75. A true and correct copy of the judgment, which is now final, is attached to this complaint as Exhibit "A".

22. At the time of the accident causing the damages alleged above, Nancy Clewett was insured by a policy of liability insurance covering the ownership, operation, and use of a vehicle involved in the accident, and the operator of said vehicle was the legal cause of the

Complaint 5

accident and resulting damages. Said operator was either Nancy Clewett or a permissive user of the vehicle.

23. Defendant's policy was issued and/or delivered in California and, as such, is governed by Insurance Code § 11580, which authorizes plaintiff to sue defendant for recovery of the judgment described above.

24. The policy issued by defendant to Clewett provides coverage for the bodily injuries suffered by plaintiff, and defendants are therefore obligated to pay plaintiff the amount of the judgment, up to the policy limit, plus interest from the date the judgment was entered.

## FOURTH CAUSE OF ACTION
(Declaratory Relief)

25. Plaintiff realleges and incorporates by reference paragraph numbers 1 through 24, inclusive.

26. An actual controversy exists between the parties concerning their respective rights and duties because plaintiff contends and defendant disputes that defendant is not entitled to any reimbursement or refund, in any amount, from the $100,000 benefit paid by defendant to plaintiff pursuant to the Uninsured/Underinsured provisions of the policy.

27. Plaintiff desires a declaration that defendant does not have the right to reimbursement or refund of the benefits referred to above so long as plaintiff's recovery from all sources both before and after her judgment was issued .

## FIFTH CAUSE OF ACTION
(Fraud-False Representation)

28. Plaintiff realleges and incorporates by reference paragraph numbers 1 through 27, inclusive.

Complaint 6

29. In informing plaintiff of Clewett's purported lack of coverage, defendant knew or should have known that such representation was false. In fact, Clewett did have a relevant policy of insurance covering the accident, and said policy was issued by defendant.

30. Defendant made these representations with the intent to defraud plaintiff, and induce plaintiff to not seek benefits under Clewett's policy.

31. Plaintiff did not no that defendant's representation was false, and Plaintiff reasonably relied on these representations to her detriment by not asserting any rights against Clewett's policy, and by seeking to recover from defendant only under the Uninsured Motorist provisions of her own policy.

32. Plaintiff was proximately damaged as a result of defendant's false representation in that she did not seek indemnification under Clewett's policy for her damages, but rather as against defendant, asserted only an Uninsured Motorist claim. Said claim was of less value than a claim against Clewett's policy in that benefits paid under a UM claim were subject to defendant's right to reimbursement. Had plaintiff known about the existence of Clewett's policy, she would not have sought relief via the Uninsured Motorist coverage of her own policy, but would have settled for the policy limit under Clewett's policy, and looked to the Underinsured Motorist portion of plaintiff's policy to cover a portion of the difference between the Clewett's policy limits and the actual damages sustained. Said claim was an additional $100,000 under the UIM policy.

33. Defendants acted maliciously, fraudulently, and with oppression by knowingly depriving plaintiff of her rights and benefits under the contract, and by intentionally misrepresenting the nature and legal effect or the existence of defendant's policy issued to Clewett so as to dissuade plaintiff from pursuing her rights therein. Said conduct was calculated to vex, harass, and annoy Plaintiff, and escape defendant's obligations under the policy.

Complaint  7

1  Accordingly, Plaintiff is entitled to punitive and exemplary damages against Defendants, and
2  each of them, in a sum to be determined at the trial of this action.

### SIXTH CAUSE OF ACTION
(Constructive Fraud-Civil Code § 1573)

34. Plaintiff realleges and incorporates by reference paragraph numbers 1 through 33, inclusive.

35. Defendant owned plaintiff a duty of good faith and fair dealing, and also to ascertain the validity of any representations that would be material to plaintiff's knowledge and understanding of her benefits under the policy.

36. In making the false representations as hereinabove alleged, defendant breached this duty to the detriment of plaintiff, and defendant has gained an advantage over plaintiff by doing so. Plaintiff has therefore been proximately damaged in the specifics herein alleged.

37. Defendants acted maliciously, fraudulently, and with oppression by knowingly depriving plaintiff of her rights and benefits under the contract, and by intentionally misrepresenting the nature and legal effect or the existence of defendant's policy issued to Clewett so as to dissuade plaintiff from pursuing her rights therein. Said conduct was calculated to vex, harass, and annoy Plaintiff, and escape defendant's obligations under the policy. Accordingly, Plaintiff is entitled to punitive and exemplary damages against Defendants, and each of them, in a sum to be determined at the trial of this action.

Complaint                                      8

## SEVENTH CAUSE OF ACTION
### (NEGLIGENT MISREPRESENTATION)

38. Plaintiff realleges and incorporates by reference paragraph numbers 1 through 13, 15-18, 20-29, 31-32, 35-36, inclusive.

39. When defendant represented that Clewett had no applicable policy of insurance that would cover the above referenced auto accident, it did so with no reasonable ground for believing it to be true. It also did so without conducting a reasonable investigation of the grounds for the representation.

40. This representation was in fact false. In truth, Clewett did have a policy of insurance, issued by defendant, that covered a vehicle involved in the accident.

41. Defendant made this representation with the intent to defraud plaintiff and to induce her to act as described above. At the time plaintiff acted, she did not know the representations were false and believed they were true. Plaintiff acted in justifiable reliance upon the truth of the representations.

42. As a proximate result of defendant's misrepresentations, plaintiff has been damaged in an amount within this courts jurisdiction, and to be proven at trial.

WHEREFORE, Plaintiff prays judgment against defendants as follows:

1. For the sum of $200,000, with interest thereon at the legal rate from the date of loss, until paid;

2. For general damages in the amount of $500,000 for mental suffering and emotional distress;

3. For attorney's fees, plus reasonable legal costs, for the necessity of filing this lawsuit to enforce legal rights;

4. For exemplary and punitive damages;

5. For a declaration of rights under the policy that defendant has no right to

Complaint                                                9

1 reimbursement or refund under any and all benefits already paid to plaintiff under the Uninsured
2 and Underinsured Motorist coverage;

3    6.   For costs of suit herein incurred; and

4    7.   For such other and further relief as the court may deem proper.

DATED:   June 14, 2004             LAW OFFICES OF HOWARD G. FRANK

                                   BY _____
                                         HOWARD G. FRANK

Complaint                               10

| | |
|---|---|
| 1 | **CASE NAME:**     Mezzetti v. State Farm |
|   | **ACTION NO.:** |

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 120 Constitution Drive, Menlo Park, California 94025. I am employed in the County of San Mateo where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332 AND 1441(a) [DIVERSITY JURISDICTION]; DEMAND FOR JURY TRIAL**

☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒ (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Menlo Park, California.

☐ (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☐ (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

| | |
|---|---|
| Robert L. Mezzetti II<br>MEZZETTI LAW FIRM, INC.<br>31 East Julian Street<br>San Jose, CA 95113<br>Telephone: (408)279-8400<br>**Attorney for Plaintiff**<br>**SUSAN MEZZETTI** | Howard G. Frank, Esq.<br>LAW OFFICES OF HOWARD G. FRANK<br>45 E. Julian Street<br>San Jose, CA 95113<br>Telephone: (408)292-0233<br>Facsimile: (408) 287-6550<br>**Attorney for Plaintiff**<br>**SUSAN MEZZETTI** |

☒    *(Federal)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 26, 2004, at Menlo Park, California.

_Abigail Bowman_ (signature)
Abigail Bowman

---

**PROOF OF SERVICE**